## No. 5038.

### JOHN W. JOHNSTON *v.* GUSTAVUS & HYPOLITE LABAT.

The objection that the partition among certain heirs is void, on the ground that it was not evidenced by a written act, is unsound, when they went into possession and were permitted to prove by parol the division or partition.

If it be granted that a partition is virtually a sale of each heir to the others, of his share in indivision for the sole ownership of the particular part assigned to him, still, like a sale, it can be proved by parol evidence, if it is received, as in this case, without objection.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborne,* J. *R. A. Hunter,* for plaintiff and appellant. *William A. Seay,* for defendants and appellees.

WYLY, J. Nearly forty years ago Francis Labat and his wife, Ann Labat, died leaving a small succession consisting of four hundred acres of land and·a town lot in the village of Pineville. They left three heirs, the two defendants and their brother Arthur, all of age, and who doubtless accepted the succession unconditionally. Over thirty years ago they divided the land among themselves, and Gustavus (who bought the part belonging to Hypolite) has been in the undisturbed possession of his part thereof ever since said division. But the partition was not evidenced by a written act.

Arthur Labat died shortly after the partition, leaving a surviving widow and children, from whom the plaintiff acquired title to that part of the property or estate belonging to Arthur Labat. This was in 1871.

In 1872, the plaintiff sought, in the parish court, and was permitted to open the succession of Francis and Ann Labat which had been accepted unconditionally by the heirs of age, and which, therefore, ceased to be a succession some thirty years before the said mortuary proceedings were had. After the attempt to settle the said succession in the parish court was thwarted by the decision of this court in May 1873, the plaintiff brought this suit for partition in the district court.

The court below found, and we think correctly, that the only property remaining in indivision was the town lot in Pineville, and ordered it to be partitioned. The demand for the partition of the four hundred acres of land was rejected on the ground that it had long since been

divided among the heirs, and the title of the defendants was perfected, if in no other way, by the prescription of thirty years.

There is no doubt that Arthur Labat consented to the division of the land, and agreed that the defendants might hold as owners the part thereof occupied by them. Their possession as owners for thirty years would of itself give the defendants title, regardless of the title they acquired by succession and partition. But it is objected that the partition among the heirs of Francis and Ann Labat was void, because it was not evidenced by a written act. The proposition is unsound, because the defendants went into possession, and they have been permitted to prove by parol the division or partition. Grant that a partition is virtually a sale of each heir to the others of his share in indivision for the sole ownership of the particular part assigned to him, still, like a sale, it can be proved by parol evidence, if it is received, as in this case, without objection.

It is useless for the plaintiff to contend that Arthur Labat died before his mother, and therefore could not have accepted her succession. That question is *res judicata,* having been settled in the decision of this court in May 1873, in a controversy between the present parties.

It is therefore ordered that the judgment herein be affirmed with costs.